United States District Court
Southern District of Texas
**ENTERED**
July 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JESUS RAMIRO RAMIREZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-245 |
| § | |
| SHERIFF OF MISSIPPI CO., § | |
| CHARLESTON MISSIOURI, *et al.*, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Plaintiff Jesus Ramiro Ramirez initiated this civil rights action under 42 U.S.C. § 1983. His claims relate to the medical care he received while incarcerated at the Hidalgo County Jail, an accident that occurred during the transport between Hidalgo County, Texas, and "Missippi County," Missouri, and his conditions of confinement at the "Missippi County Jail." (Docket No. 1.) Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court informed Plaintiff of his obligation should he proceed in this action in forma pauperis. (*See* Docket No. 8.) This order was returned as undeliverable. (*See* Docket No. 9.) More recently, the Court ordered Plaintiff to provide a more definite statement of his claims. (Docket No. 11.) Plaintiff has not complied with the order, nor has he taken any other further action in this case.

As discussed below, Plaintiff has failed to prosecute this action, including failing to comply with the relevant rules and failing to respond to the Court's recent order. Accordingly, the undersigned recommends that this action be dismissed.

## I.  BACKGROUND

Plaintiff filed this action in the United States District Court for the Northern District of Illinois. (Docket No. 1, at 1). He asserts civil rights claims pursuant to 42 U.S.C. § 1983.

Plaintiff sued (1) the sheriff of "Missipi Co."; (2) "Sgt. Hill" who is employed by the "Missippi" County Jail; (3) a Jane Doe nurse at the Hidalgo County Jail; (4) prison transportation services; and (5) two correctional officers—Jackson and Austin—who transported Plaintiff from the Hidalgo County Jail to the Missipi County Jail. (Docket No. 1, at 1–3.) Plaintiff appears to allege that nurses at the Hidalgo County Jail denied him proper medical care, that he sustained injuries during transport from the Hidalgo County Jail to the Missipi County Jail in Charleston, Missouri, and that there were unsanitary living conditions at the Missipi County Jail upon his arrival. (*Id.* at 6–9.) Plaintiff seeks $2 million in damages and for "all the guilty parties to be fired." (*Id.* at 10.)

This case was transferred here from the United States District Court for the Northern District of Illinois, Eastern Division. (Docket No. 5). On December 20, 2017, the undersigned entered an order alerting Plaintiff to his obligations under the PLRA, should he wish to proceed with this action in forma pauperis. (Docket No. 8). Plaintiff was notified that regardless of his in forma pauperis status, he would still be required to pay the entire $350 filing fee in installments when the funds were available in his prisoner's trust fund account. (*Id.* at 1.) Plaintiff was given an opportunity to seek voluntary dismissal prior to funds being withdrawn from his account. (*Id.* at 2.) Plaintiff was also informed that he must "keep the Clerk advised in writing of his current address and to file promptly a change of address when necessary." (*Id.*) Plaintiff was further warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (*Id.* (emphasis in original).) This order was returned as "undeliverable" in January 2018. (Docket No. 9).

On May 29, 2018, Plaintiff filed a notice of change of address. (Docket No. 10.) This was the last communication the Court has received from Plaintiff.

On May 7, 2020, the Court ordered Plaintiff to provide a more definite statement of his claims within thirty (30) days of the date of the Court's order—i.e., by June 8, 2020. (Docket No. 11.) Plaintiff was warned that his "failure to comply as directed may result in the dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure without further notice." (*Id.* at 7.) To date, Plaintiff has not submitted his more definite statement.

## II. ANALYSIS

Plaintiff's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Here, Plaintiff has failed to comply with the Court's order that he "submit a more definite statement of the facts underlying his claim[.]" (*See* Docket No. 11, at 1.) Beyond that, Plaintiff has failed to take any action in this case, other than filing his initial Complaint and filing a notice of change of address.

In short, Plaintiff has failed to prosecute this action. Because Plaintiff has failed to provide a more definite statement of his claims as ordered by the Court, this case should be dismissed for failure to prosecute. *See Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action sua sponte for failure to prosecute);

*Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders); *Davila v. Price*, 129 F.3d 609, 1997 WL 681054, at *3 (5th Cir. 1997) (per curiam) (affirming district court's dismissal of case when pro se litigant failed to comply with court's order to provide a more definite statement of his claims). No less drastic sanction is available here, given Plaintiff's failure to pursue this case in any way.[1]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be DISMISSED without prejudice based on Plaintiff's failure to prosecute.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on July 16, 2020.

*(signed)* Peter E. Ormsby
United States Magistrate Judge

---

[1] A copy of this Report will be sent to Plaintiff at the address he provided. Should Plaintiff respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.